MARYLAND CASUALTY COMPANY, complainant,

*v.*

JENNIE DEAN THOMPSON and others, defendants.

[Decided April 19th, 1940.]

*Messrs. Coult, Satz, Tomlinson & Morse (Mr. Joseph Coult, Jr.),* for the complainant.

*Mr. Andrew B. Crummy,* for the defendants Hodge.

BIGELOW, V. C.

The suit is brought by the surety on the bond of Jennie D. Thompson, as administratrix of the estate of her late husband.

Mr. Thompson died April 24th, 1937, intestate as it was thought, leaving his widow but no issue. Letters of administration were issued to her May 15th, 1937, and she took possession of the estate. As it turned out, Mr. Thompson, in 1928, had made a will by which he bequeathed his entire estate to a friend and nothing to the lady who, a few years later, became his wife. The will was presented to the surrogate of Essex county November 24th, 1937, and, after a contest, was admitted to probate by the Orphans Court. Mrs. Thompson filed her account as administratrix, exceptions were taken and on September 26th, 1939, the Orphans Court decreed that she forthwith turn over to the executrix of the will the sum of $1,810 made up by charging Mrs. Thompson with gross receipts of $2,885 and allowing her for funeral expenses and other items $1,075. Mrs. Thompson has failed to pay to the executrix the sum of $1,810 or any part thereof.

The bill charges that the said sum of $1,810 was distributed by Mrs. Thompson as administratrix, lawfully and in good faith, to herself as sole next of kin, before notice of a will; that she ought to have prayed allowance for the same on her accounting, and that it is inequitable to permit her failure to pay over that sum to the executrix to be assigned as a breach of the administration bond in an action against the surety. The bill prays that the executrix be enjoined from petitioning the ordinary for leave to prosecute the bond against complainant upon such breach.

Complainant relies primarily on *Harker* v. *Irick, 10 N. J. Eq. 269,* and *Ordinary* v. *Kershaw, 14 N. J. Eq. 527.* These cases hold that if an administrator, at the time of his appointment, is a debtor to the decedent and is insolvent, and is never able to discharge his indebtedness, the surety on the administration bond is not liable for such debt. "He is only bound for the faithful performance of his duties as administrator. It could be no breach of trust or delinquency in duty for the

administrator not to do what is beyond his power and control to perform." Furthermore, if the administrator in the settlement of his accounts, charges himself with the debt and the accounts are passed in such shape as to bind the surety for the debt, this operates as a fraud upon the surety and relief may be had in Chancery.

By our statute, in the absence of a will, Mrs. Thompson was entitled to the whole surplusage of her husband's estate. *R. S. 3:5-3*. And she need not render or settle her account as administratrix in court unless required to do so upon application of an interested party. *R. S. 3:10-1*. Mr. Thompson's will, at the time of his death, was in possession of a New York lawyer, a son-in-law of the beneficiary under the will. The first intimation Mrs. Thompson had of its existence came when she was served with a citation in November, 1937, six months after her appointment as administratrix. Until that time, she considered the estate to be her own and so handled it. Out of it, she bought a new automobile and paid $700 for legal services rendered to herself personally. The balance of the net estate, about $500, she testifies that she spent for household expenses and the like, "I took the money and used it as my own." Before she was aware that there was a will, she paid decedent's debts, funeral and administration expenses and informally distributed the balance of the estate to herself and personally spent it. She did so with entire propriety. But upon the production and probate of the will, Mrs. Thompson became forthwith liable to return the money to the executrix, as money had and received by mistake.

Neither the advisory master who sat on the accounting in the Orphans Court, nor the presiding judge of that court, made any inquiry whether Mrs. Thompson, as administratrix, has distributed the estate to herself, as the person beneficially entitled. For instance, with regard to the $700 item for legal services, the court considered not whether such payment was a partial distribution of the estate, but whether it was a proper administrative expense, and held that it was not. The decree of that court properly, I take it, settled the amount which the accountant would have had in her hands if she

had not used any of the estate for her own purposes, for that is the sum which she should pay over to the executrix.

The principle of the two cited cases governs the suit before me. Complainant, as surety, is bound only for the faithful administration of the estate and not for the return of the money which Mrs. Thompson in good faith spent and which she is without means to repay. I am not sure that, even at law, complainant is liable on the bond (see *24 C. J. 498*), but complainant should not be put to the hazard of a defense in a law court. Let there be a decree pursuant to the prayer of the bill.